NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1192
_____

UNITED STATES OF AMERICA

v.

JAMES RICHARD SMITH, III,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:20-cr-00026-001)
District Judge:  Honorable Colm F. Connolly

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 1, 2024
_____

Before:  CHAGARES, Chief Judge, PORTER and CHUNG, Circuit Judges.

(Filed: November 7, 2024)
_____

OPINION*
_____

CHAGARES, Chief Judge.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A jury found James Richard Smith, III guilty of being a felon in possession of a firearm and distributing cocaine base and methamphetamine. Before trial, Smith fired his attorneys and moved to proceed pro se. The District Court initially granted the motion but noted its reservations about Smith's competency in light of the content of his numerous pro se filings and unusual in-court behavior. The District Court later reversed its decision and held that Smith was not competent to proceed pro se. On appeal, Smith argues that the District Court erred in determining that he was not competent to proceed pro se. Because we conclude that Smith's arguments are without merit, we will affirm the judgment of the District Court.

## I.

We write primarily for the parties and recite only the facts essential to our decision. Smith was indicted on one count of possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as well as four counts of distributing cocaine base and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). He was found guilty on all counts and sentenced to a term of imprisonment of 135 months.[1]

Smith was initially represented by appointed counsel, but he requested that they stop acting on his behalf and moved to proceed pro se. The District Court questioned whether Smith's behavior and pro se filings, including his written demands for $10,000

---

[1] Although Mr. Smith was charged with violating 21 U.S.C. § 841b(1)(B), the Government proceeded at trial with only the lesser-included offenses of 21 U.S.C. § 841(b)(1)(C) and 841(a)(1), and Smith was convicted on the lesser-included offenses.

in Bass Pro Shop Products and $60 million in cash, indicated that Smith was not competent to represent himself. The District Court nevertheless granted Smith's request to proceed pro se after holding a hearing pursuant to Faretta v. California, 422 U.S. 806 (1975), and appointed standby counsel.

Shortly thereafter, the Government requested an evaluation of Smith's competency, and the District Court granted that request. A psychologist evaluated Smith without his cooperation and concluded that he was incompetent to stand trial. After holding a competency hearing, the District Court found that Smith was delusional and held that he was not competent to stand trial based on the psychologist's report and testimony, as well as the content of Smith's pro se filings and his in-court behavior.

Smith received medical treatment, and after four months, a second psychologist found that his competency had been restored. This psychologist further opined that Smith's behavior arose, at least in part, from his belief in the sovereign citizen ideology. The District Court stated that it did not believe that Smith was competent, but it nevertheless deferred to the psychologist's opinion that Smith was competent to stand trial. The parties agreed that Smith was also competent to represent himself at that point.

Approximately one week before trial, the District Court sua sponte revisited its determination that Smith was competent to represent himself. It held a hearing and determined that Smith was not competent to proceed pro se because he could not knowingly and voluntarily waive his right to be represented by counsel. It subsequently appointed former standby counsel to represent Smith.

The parties proceeded to trial, and a jury convicted Smith on all charges. The

3

District Court sentenced Smith to a term of imprisonment of 135 months.  Smith timely appealed.

## II.[2]

We exercise plenary review over a district court's determination of a defendant's competency but review the factual findings underlying its determination for clear error. See United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003).  In so doing, "we must indulge every reasonable presumption against a waiver of counsel."  United States v. Taylor, 21 F.4th 94, 99 (3d Cir. 2021) (quotation omitted).  If a purported waiver is ineffective, a district court's error in denying the defendant's request to represent himself cannot be harmless.  Id.

The Sixth Amendment to the United States Constitution protects the right of a defendant facing criminal charges to be represented by counsel, or if he "voluntarily and intelligently elects" to represent himself, to proceed pro se.  See Faretta, 422 U.S. at 807. Before a district court may grant a defendant's request to proceed without counsel:

1. The defendant must assert his desire to proceed *pro se* clearly and unequivocally.

2. The court must inquire thoroughly to satisfy itself that the defendant understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved.

3. The court must assure itself that the defendant is competent to stand trial.

---

[2] Subject matter jurisdiction exists pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.

4

United States v. Peppers, 302 F.3d 120, 132 (3d Cir. 2002) (cleaned up).

This appeal concerns only the second requirement, as the parties agree that the first and third requirements are satisfied. The second inquiry, which assesses the knowing and intelligent nature of the waiver, is limited to whether the defendant understands the consequences of his decision, not whether he can "defend[] himself well." Id. at 130.

Smith argues that the District Court improperly denied his request to proceed pro se because Smith did not understand the law and advanced meritless legal arguments derived from the sovereign citizen ideology. We disagree.

We have explained that a trial judge must ascertain whether a defendant seeking to represent himself grasps the "facts essential to a broad understanding of the whole matter," including the "possible defenses to the charges." Id. at 135 (quotation omitted). The District Court's colloquy with Smith generally followed our opinion in United States v. Peppers, 302 F.3d 120 (3d Cir. 2002), and appropriately included questions directed toward Smith's understanding of the available defenses. See id. at 136. In response to the District Court's questions, Smith asserted that he did not understand that he would not be able to defend himself at trial by arguing that the District Court lacked jurisdiction. Based on Smith's responses during the colloquy, the content of his numerous pro se filings over nearly three years, and his conduct in several hearings regarding his competency, the District Court found that Smith was unable to "appreciate the risks involved," and that he was "so detached from reality that [he] cannot articulate the defenses and cannot take on the risk of representing" himself. App. 577.

5

We have held that a defendant can represent himself even if he bases his defense on arguments that are without merit and rooted in his belief in the sovereign citizen ideology. See Taylor, 21 F.4th at 102. But once a defendant becomes so consumed by those beliefs that he does not appreciate the risks of proceeding pro se, he is no longer capable of knowingly and voluntarily waiving his right to counsel. We recognized as much in United States v. Banks, 55 F.4th 246 (3d Cir. 2022), when we affirmed a district court's determination that a defendant's "unrelenting focus" on facts that had long been disproven precluded the defendant from understanding the risks of waiving his right to counsel. Id. at 255.

We reach the same conclusion here. Because Smith failed to demonstrate a basic understanding of the risks of representing himself, we cannot say that we have a "definite and firm conviction" that the District Court was mistaken in finding that Smith did not appreciate the risks of proceeding pro se. United States v. Velazquez, 749 F.3d 161, 176 (3d Cir. 2014) (quotation omitted) (defining clear error). Accordingly, the District Court did not err in determining that Smith was unable knowingly and voluntarily to waive his right to counsel.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.